JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual<br><br>Plaintiff,<br><br>v.<br><br>DEME PROPERTIES, LLC, a California limited liability company; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-11461-MCS-GJS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [17]** |

Before the Court is Plaintiff Anthony Bouyer's Motion for Default Judgment against Defendant Deme Properties, LLC arising from Plaintiff's alleged November 17, 2020 visit to Defendant's restaurant at 28018 The Old Road, Valencia, CA 91355 to "purchase take-out and confirm that this public place of accommodation is accessible to persons with disabilities" under the Americans with Disabilities Act ("ADA"). *See* Mot., ECF No. 17.[1] Plaintiff's sole remaining claim under the ADA alleges that Plaintiff encountered a curb ramp projecting into the access aisle; a towel dispenser that is too high; a urinal with insufficient clearance; a sink with insufficient clear floor space; and

---

[1] The Court deems the matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15.

no compliant parking spaces. *Id.; see also* Compl. ¶¶ 10-11, ECF No. 1. Plaintiff alleges on information and belief that given this "obvious and blatant violation… there are other violations and barriers in the site." Compl. ¶ 26. Plaintiff seeks injunctive relief under the ADA and $4,644 in fees and costs allegedly incurred. *See generally* Mot.

## I. LEGAL STANDARD

### A. Article III Standing in an ADA Case

The party invoking federal jurisdiction bears the burden of satisfying each of Article III's standing requirements. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Article III requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To satisfy Article III standing requirements, an ADA plaintiff "requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than rights of third parties." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950. "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disabilities." *Id.* at 953. "[W]hile past actions may constitute 'evidence bearing on whether there is a real and immediate threat

of repeated injury,' they are not necessarily dispositive evidence." *Civil Rights Educ. & Enf't Ctr. v. Hospitality Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted).

### B. Default Judgment

The Court considers several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. C.D. Cal. L.R. 55-1.

## II. DISCUSSION

Before addressing the *Eitel* factors and procedural requirements, the Court assesses the constitutional prerequisite of Plaintiff's Article III standing to bring his ADA claim. To carry his burden as to Article III standing, Plaintiff attests that: **(1)** "[d]ue to the lack of accessibility, I have been deterred from further attempting to visit the business located at 28018 The Old Road, Valencia, CA 9135," and **(2)** "[w]hen all barriers to access are remedied, I would like to return to the business." Decl. of Anthony Bouyer ¶¶ 8-9, ECF No. 17-4. These are the type of conclusory averments the Ninth Circuit finds insufficient to establish Article III standing in ADA cases. *See, e.g., Feezor v. Sears, Roebuck & Co.*, 608 Fed. Appx. 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an 'inten[t]' to return to the places [he] had visited before' is not sufficient

3

to establish standing because '[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.'") (quoting *Lujan*, 504 U.S. at 564); *Chapman v. Pismo Food Store*, 710 Fed. Appx. 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately demonstrate intent to return). Plaintiff offers no specific information concerning his residence's proximity to Defendant's restaurant, concrete plans to return, and that he has recently filed hundreds of similar actions in the Central District involving sites nowhere near Defendant's restaurant suggests he faces no imminent injury. *Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1100 ("Making case-by-case determinations about whether a particular plaintiff's injury is imminent is well within the competency of the district courts."). The Court thus concludes that Plaintiff has failed to plead or proffer enough facts to establish standing to obtain the Motion's requested injunctive relief. *Id.*

### III. CONCLUSION

Plaintiff has failed to establish his standing to obtain injunctive relief under the ADA. The Court therefore denies Plaintiff's Motion and dismisses this action for lack of Article III standing. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April 16, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE